MONROE, Judge,
concurring specially.
Clarence Clark, while driving a truck on his job, suffered substantial injuries in a head-on collision with another truck. There is no dispute that his injuries included: a broken left leg, an injury to his left shoulder, broken cervical vertebra, broken ribs, an injury to his right hip, pain in his neck and shoulder, and a traumatic amputation of his right thumb. He required surgery on his left leg, arthroscopic surgery on his left knee and left shoulder, a total replacement of his right hip, and surgery to reattach his thumb.
Clark is 62 years old, with a high school education. His vocational expert determined that he was totally disabled. Clark’s treating physician determined that “from a practical standpoint, [Clark] is totally disabled to carry out any physical or sedentary work activities.” (This medical evidence was uncontested at trial.)
It could be said that there was “substantial” evidence to support the trial court’s finding that Clark is 90 percent disabled and not totally disabled. However, there was “more” substantial evidence presented to indicate that he was totally disabled. Based on the evidence presented, that the trial court could distinguish between Clark’s being 90 percent disabled instead of being totally disabled is an amazing feat. As a trial judge who tried hundreds of workers’ compensation eases, I could never divine such a narrow degree of one’s disability vel non. I stand in awe of those among us who can. I realize that we all have days when it seems we can see farther and more clearly than others. I must presume that this was one of those days for the trial court. Having said that, and because I am always reluctant to substitute my judgment for that of the trier of fact, I am left to concur.